IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| AKZO NOBEL COATINGS INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:09-cv-540-RAJ/TEM |
| PEARL AVENUE USA, LTD., *et al.*, | ) |
| Defendants. | ) |

## AKZO'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Akzo Nobel Coatings, Inc. ("Akzo Nobel"), by counsel, pursuant to Fed. R. Civ. P. 56 and Local Rule 7, files the following Memorandum in Support of its Motion for Summary Judgment against Defendant Pearl Avenue USA, Ltd. ("Pearl") only.[1] Based on the facts contained in the attached Affidavit of Albert Wemmenhove ("Wemmenhove Affidavit"), Akzo Nobel moves for entry of judgment in its favor, as detailed more fully below.

### ARGUMENT

Akzo Nobel does not oppose the withdrawal of Pearl's counsel, McGuireWoods, LLP. *See* Motion for Leave to Withdraw (the "Motion") at ¶ 4 (ECF No. 26). Given the undisputed facts regarding the damages owed by Pearl for Akzo Nobel Products, Akzo Nobel requests that it be awarded judgment in the full amount of its claims, plus interest. *See* Exhibit 1 (Wemmenhove Affidavit). Given the facts established in the Wemmenhove Affidavit, it is

---

[1] Chesapeake Hardwood Products, Pearl's co-defendant and predecessor in interest, sought Chapter 11 bankruptcy protection in January 2010.

undisputed that Pearl obtained the benefit of and is liable for over $200,000 in purchases of Akzo Nobel Products.

## CONCLUSION

Akzo Nobel requests that it be awarded judgment in the amount of $201,243.19, plus interest from the October 30, 2009 date of filing of the Complaint, and the costs of this action.

Respectfully submitted,

AKZO NOBEL COATINGS INC.
By Counsel

DATED: September 14, 2010

NELSON MULLINS RILEY & SCARBOROUGH LLP

_____/s/_____
George E. Kostel, Esq., VSB No. 34757
Email: george.kostel@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860

and

S. Keith Hutto
Email: keith.hutto@nelsonmullins.com
Christopher C. Genovese
Email: chris.genovese@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street / 17th Floor
Columbia, SC 29201
(803) 799-2000

*Counsel for Plaintiff Akzo Nobel Coatings Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2010, Akzo's Memorandum in Support of its Motion for Summary Judgment, was filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to:

>Shepherd D. Wainger
>Erin Q. Ashcroft
>McGuireWoods LLP
>9000 World Trade Center
>Norfolk, VA 23510
>757/640-3718
>757/640-3983 (fax)
>swainger@mcguirewoods.com
>eashcroft@mcguirewoods.com

>/s/
>George E. Kostel, Esq., VSB No. 34757
>Email: george.kostel@nelsonmullins.com
>NELSON MULLINS RILEY & SCARBOROUGH LLP
>101 Constitution Avenue, NW, Suite 900
>Washington, D.C. 20001
>Telephone: (202) 712-2800
>Facsimile: (202) 712-2860
>
>*Counsel for Plaintiff Akzo Nobel Coatings Inc.*

~#4817-6815-1559 v.1~

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

AKZO NOBEL COATINGS INC., )
)
                  Plaintiff, )
)
v. ) Civil Action No. 2:09-cv-540-RAJ/TEM
)
PEARL AVENUE USA, LTD., *et al.* )
)
                  Defendants. )

### **AFFIDAVIT OF ALBERT WEMMENHOVE**

Personally appeared before me the undersigned being first duly sworn, deposes and says:

1. I am over eighteen (18) years of age and of sound mind. The following statement is true and correct to the best of my knowledge, information, and belief.

2. I am employed as the Controller Americas, Wood Finishes and Adhesives with Akzo Nobel Coatings Inc. ("Akzo Nobel").

3. Akzo Nobel manufactures industrial and wood coatings, offering a complete line of stains, lacquers, catalyzed coatings, urethanes, polyesters, and UV-cure wood coatings (collectively, the "Products").

4. Chesapeake Hardwood Products, Inc. ("Chesapeake") is a former Akzo Nobel customer that manufactures, among other things, wall paneling and hardwood plywood.

5. As an Akzo Nobel customer, Chesapeake ordered substantial volumes of Products and related inventory on a purchase order basis, which Akzo Nobel shipped to Chesapeake, and which Chesapeake accepted.

6.  I have discovered and believe that in 2008 Pearl Avenue USA, Ltd. ("Pearl Avenue") purchased, merged with, or otherwise gained control of Chesapeake.

7.  I have discovered and believe that as a result of this transaction, Pearl Avenue is the same entity as and/or a mere continuation of Chesapeake.

8.  I have discovered and believe that as part of this transaction, Pearl Avenue obtained certain equipment, accounts receivable, and contract rights from Chesapeake.

9.  More specifically, as a result of this transaction, I have discovered and believe that Pearl Avenue acquired certain inventory of Chesapeake, which included the Products originally sold to Chesapeake for which Akzo Nobel was not paid. Pearl Avenue began operating its business out of Chesapeake's former business address.

10.  Pearl Avenue also took over servicing Chesapeake's former accounts. I have discovered and believe that Pearl Avenue and Chesapeake share corporate officers, directors, and stockholders. In fact, the same people I dealt with when filling orders for Chesapeake performed that same function for Pearl after the transaction.

11.  As a result of the transaction between Chesapeake and Pearl Avenue, Pearl Avenue began making direct purchases of Products from Akzo Nobel. Some of Pearl's purchase orders for Akzo Nobel Products were transmitted on Chesapeake's letterhead.

12.  Pearl Avenue has profited or otherwise benefited from the Products Akzo Nobel supplied to Chesapeake.

13.  Following the termination of the parties' business relationship, although proper demand has been made, Pearl Avenue has refused to pay Akzo Nobel $201,243.19 for Akzo Nobel Products it received, either by its purchase of Chesapeake's inventory or by its direct purchases of Products from Akzo Nobel.

14. As a result of Pearl's Avenue's non-payment, Akzo Nobel has been damaged in the amount of $201,243.19, plus interest from October 30, 2009, the date Akzo Nobel filed the Complaint in this matter.

FURTHER AFFIANT SAYETH NOT.

_____
Albert Wemmenhove

SWORN to and subscribed before me
this _14_ day of _September_, 2010

_Jill J. Saunders_ (L.S.)
Notary Public for _Guilford County NC_
My Commission Expires: _1/28/2014_

~#4820-3783-2199 v.1~



3